PEOPLE *v*. MORICONI.

CRIMINAL LAW—NEW TRIAL—SPURIOUS STATEMENTS.

Denial of new trial some three years after conviction for murder of defendant's stepson where trial judge found that statement upon which motion for new trial had been made was spurious *held*, not an abuse of discretion where statement was dated some three years prior to filing of motion, purports to have been signed by defendant's common-law wife, and indicates that the signer was a criminal of the very lowest type, and in opposition to such motion she duly signed an affidavit denying being asked to make or the making of such a statement and asserting her signature thereon was a forgery.

Appeal from Recorder's Court for the City of Detroit; Brennan (John V.), J. Submitted January 17, 1939. (Calendar No. 39,536.) Decided March 9, 1939.

Frank Moriconi was convicted of murder. Motion for new trial denied. Defendant appeals. Affirmed.

*Robert V. Danto,* for defendant.

*Thomas Read,* Attorney General, *Duncan C. McCrea,* Prosecuting Attorney, and *William L. Brunner,* Assistant Prosecuting Attorney, for the people.

Butzel, C. J. Defendant was convicted of murdering his seven year old stepson. The sole question presented on appeal is whether the trial judge erred in denying a motion for a new trial. It is only necessary to state briefly the nature of the proofs in the main case. Death was caused by carbon monoxide gas, the boy having been found lying on a gas stove with the gas turned on. Evidently he had also been struck with some instrument for, in addition to other bruises, there were lacerations on the head and a fracture of the temple muscle bone extending three inches into the face. The people claim that the motive for the crime was to collect on four policies of insurance taken out on the boy's life. No one witnessed the murder but many circumstances pointed to defendant's guilt. No claim is made on appeal that he did not have a fair trial nor that there was any prejudicial error in the course of the trial.

Over three years after the conviction, defendant, by his attorney, filed a motion for a new trial. The motion was not heard until later in the year and resulted in a denial thereof. The motion was based

upon an unsworn statement purported to have been signed by Angelina Moriconi, alleged to be defendant's common-law wife. The statement is dated March 14, 1933, which was more than three years prior to the filing of the motion for new trial based upon it. It is highly probable that, if defendant had regarded the statement of any value, he would not have waited that length of time before producing it, or he would have disclosed a reason for his delay.

The statement was made in the Italian language but a translation that omitted the caption giving the date was filed in court. It acknowledges criminal acts, by the signer, of so sordid and so self-debasing a nature as to be almost incredible. It charges another party with the commission of the murder, and indicates that Mrs. Moriconi, the alleged common-law wife of appellant and mother of the boy, was a criminal of the very lowest type. On the other hand, an affidavit, properly made out and duly signed by her, was filed in opposition to the motion for a new trial. She deposes therein that she never made nor was asked to make the statement purported to have been signed by her and her signature thereto was a forgery; that she believed it was executed by tracing her signature from a return registered mail card for the receipt of a registered letter from defendant; that she distinctly remembers signing this card because at the time she first signed her name as ''Morconi'' instead of ''Moriconi'' and that she thereupon added the letter ''i'' between the letter ''r'' and ''c'' in the name Moriconi, and that her purported signature with similar interlineation appears on the statement alleged to have been signed by her. The judge, in denying a new trial, stated that at the main trial the name of Angelina Moriconi was introduced upon the information as Angelina Viola, which was really

her true name; that she wanted to testify against defendant, but his counsel objected to her taking the stand on the ground that she was the common-law wife of Moriconi; that it was claimed by the people that although she and Moriconi had lived in a common-law relationship, she could not be Moriconi's common-law wife because Moriconi had another wife, but that despite testimony to that effect the court refused to allow Angelina Moriconi to testify against defendant.

The judge further found that the document in question was spurious; that the language itself proved beyond any doubt that it was not genuine; that the signature was patently copied; and that to grant a new trial on such obviously false and spurious "newly-discovered" evidence would be an abuse of discretion and lead to a miscarriage of justice.

We have examined the statement as well as the record in the main case. There was no abuse of discretion in the refusal to grant a new trial. The order of the trial judge is affirmed.

Wiest, Bushnell, Sharpe, Potter, Chandler, and McAllister, JJ., concurred. North, J., took no part in this decision.